IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL LUIS POYE,

     Plaintiff,                    No. CIV S-10-3221 GGH P

  vs.

STATE OF CALIFORNIA, et al.,

     Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

This complaint, transferred from the Central District, consists of some 350 pages. It is not the function of this overburdened court to cull through voluminous pages of exhibits to attempt to frame plaintiff's allegations for him. This court may not act as plaintiff's counsel. On the face of it, plaintiff has violated Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996)  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry 84 F.3d at 1179.

It is difficult to unravel plaintiff's scrambled allegations.  Plaintiff does not begin fortuitously when he states "[t]his is a series of civil rights complaints for damages and relief as indicated at the end of each complaint numbered (1) through (10)" for alleged violations of plaintiff's civil and constitutional rights while housed at California Medical Facility-Vacaville (CMF).  Complaint, docket # 1-1, p. 5. In asserting multiple unrelated claims against different defendants (or against some of whom he has not clearly identified as defendants), plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated.  George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"). Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

       It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." Id. at 607.

       In this instance, plaintiff apparently seeks to consolidate some ten actions into one. In doing so, not only does he attempt to include far too much within a single complaint, but his allegations, despite the extraordinary length of his filing, are wholly defective for not providing enough of a factual predicate to serve as a basis for a colorable claim. For example, in what he enumerates as claim 1, he lists the following defendants: N. Grannis[1] (incorrectly identified as "Chief Director of ....CDCR"); Warden Kathleen Dickinson; Associate Warden Ruben S. Perez; Facility Captain (Capt.) D. Hurtado; Lieutenant (Lt.) R. Douglas; Correctional Officer (C/O) Leon J. Guerrero; Correctional Sergeant (C/Sgt.) R. Mata. Complaint, dkt. 3 1-1, pp. 12-16. Plaintiff then sets forth a litany of some eleven very general civil rights that he

---

[1] N. Grannis has served as Chief of Inmate Appeals for the California Department of Corrections and Rehabilitation (CDCR), never "Chief Director" to the court's knowledge.

4

alleges that he has that have been violated: e.g., "plaintiff's right to be safe in his person"; "plaintiff's right to freedom of movement in prison"; his rights to due process and to equal protection, to be free from racial discrimination, to participate under the A.D.A.[2], as a disabled person in rehabilitation, etc. Id. at 17. Plaintiff then goes on to claim that the defendants violated his rights by not making a proper investigation, regarding not only his associations but his ethnicity. Id. Plaintiff does not clarify what investigation he is referencing, what precipitated the investigation, when it happened, what was at issue. Id. Plaintiff states that he was retained in ASU[3] for an "extensive," but unspecified period. Id. at 18. He references an incident, but does not specify what incident, he lists members of a "committee," a number of whom he has not identified as defendants within this purported claim, and goes on to speak of having been isolated from his family, becoming emotionally distraught and having been kept from general population and his program even though he had proven he had no enemies on the yard and did not fear for his life, notwithstanding earlier having claimed to have been a victim of a stabbing at some point as a result of "plaintiff's" (evidently meaning, defendants') "wanton disregard" for his safety and security. Id. at 11, 18. This incoherent claim will be dismissed. Plaintiff will be provided leave to amend.

In his putative claim 2, plaintiff again lists a number of civil rights that he states have been violated, some duplicative of the first claim, while others bring up different issues, among them, his right to medical services under the ADA, right to adequate medical treatment, right to have the service of an interpreter under the ADA to assist in receiving access to adequate medical treatment. Complaint, dkt. # 1-1, p. 20. Again, his allegations are simply too broad and without sufficient specificity to implicate the rights he claims to have. This claim will be dismissed.

---

[2] Americans With Disabilities Act.

[3] Administrative Segregation Unit.

In his claim 3, he makes a repetitive list of his rights, simply listing a number of "committee members" and stating that they caused him anguish without providing specifics, once again. This claim will be dismissed. Plaintiff's fourth claim alleges violation of his right to be free from racial discrimination and also claims he was retaliated against, but he does not set forth precisely what circumstances support such claims and how any particular defendant violated any such claim. This claim will be dismissed. Some additional claims appear to be repetitive while others are different; they are interspersed with exhibits, all defective for lack of coherence and far too burdensome for this court to attempt to characterize.

Although this complaint is being dismissed, plaintiff will have an opportunity to amend; however, in any amended complaint, plaintiff will be limited to a complaint of no more than thirty (30) pages in length. Plaintiff will not be permitted to bundle ten separate complaints into one. Plaintiff's claims must be related to one set of defendants; he may not make myriad unrelated claims arising from unrelated incidents and he must specifically characterize how each defendant has subjected him to a constitutional deprivation and not simply make conclusory allegations without providing an adequate factual context.

In addition, plaintiff indicates that some if not all of his claims have not yet been administratively exhausted. Complaint, dkt, # 1-1, p. 2. Under 42 U.S.C. § 1997e(a), no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002). Therefore, in any amended complaint, plaintiff should only allege those claims he has administratively exhausted. Should this case proceed upon any amended complaint and plaintiff administratively exhausts additional related claims that could be found to be colorable, he may seek to further amend his claims at that point. <u>Rhodes v. Robinson</u> (9th Cir. 2010) (PLRA exhaustion requirement satisfied with respect to new claims within an amended complaint so long as administrative remedies exhausted prior to filing amended complaint).

\\\\

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
4 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
5 there is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
7 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,
8 vague and conclusory allegations of official participation in civil rights violations are not
9 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
11 order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
12 complaint be complete in itself without reference to any prior pleading. This is because, as a
13 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
14 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
15 longer serves any function in the case. Therefore, in an amended complaint, as in an original
16 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:
18    1. Plaintiff's request for leave to proceed in forma pauperis is granted.
19    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
20 The fee shall be collected and paid in accordance with this court's order to the Director of the
21 California Department of Corrections and Rehabilitation filed concurrently herewith.
22 /////
23 /////
24 /////
25 /////
26 /////

1    3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint, **not to exceed thirty pages in length**, within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: February 9, 2011

                                                    /s/ Gregory G. Hollows

                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
poye3221.bnf