IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL LUIS POYE,

        Plaintiff,                     No. CIV S-10-3221 GGH P

    vs.

STATE OF CALIFORNIA, et al.,

        Defendants.          ORDER

_____/

        This civil rights action was dismissed on June 10, 2011, for failure to state a claim, and judgment thereon entered.[1] Plaintiff thereafter, on July 6, 2011, filed a "motion for reconsideration," after which he filed, on July 19, 2011, "a motion for leave to file amended complaint." The inapposite and defective motion for further leave to amend in this closed case, unaccompanied by a proposed amended complaint, will be disregarded. The court will construe the motion for reconsideration as a motion pursuant to Fed. R. Civ. P. 60(b).[2]

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez

---

[1] Plaintiff consented to the jurisdiction of the undersigned in a consent form, dated as signed on December 16, 2010. See docket # 7, filed on December 20, 2010.

[2] If considered made under Fed. R. Civ. 59(e), the result of this order would be the same.

1

1  v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005).  "Motions for relief from
2  judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the
3  sound discretion of the district court."  Allmerica Financial Life Insurance and Annunity
4  Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

5  Once a decision of law is made, it becomes the "law of the case," and absent clear
6  error or changed circumstances should not be changed.  See United States v. Estrada-Lucas, 651
7  F.2d 1261, 1263-64 (9th Cir.1980).  The law of the case doctrine provides that "a court is
8  generally precluded from reconsidering an issue that has already been decided by the same court,
9  or a higher court in the identical case."  United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir.
10 1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation
11 and citation omitted).

12 "A motion for reconsideration should not be granted, absent highly unusual
13 circumstances, unless the district court is presented with newly discovered evidence, committed
14 clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals,
15 Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations
16 marks and citations omitted).  A party seeking reconsideration must do more than disagree with
17 the court's decision or recapitulate that which the court has previously considered.  U.S. v.
18 Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Nor can a reconsideration
19 motion "be used to raise arguments or present evidence for the first time when they could
20 reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, 571 F.3d at 880.
21 "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the
22 court to reverse its prior decision."  Westlands Water Dist., 134 F.Supp.2d at 1131 (internal
23 citations omitted).

24 Plaintiff, by his motion attempts to re-argue his claims taking issue with the
25 court's ruling regarding various allegations of his amended complaint, claiming that he did
26 indeed suffer an "atypical and significant hardship" in his administrative segregation placement

1  because his mental health condition deteriorated while in ad seg to the point that he was
2  "transferred from general population ad seg to mental health ad seg" and prescribed medication.
3  Motion (Docket # 15), p. 2. Plaintiff does not implicate the conditions of his ad seg placement
4  other than to indicate that it was the isolation itself which caused his alleged mental breakdown.
5  Id., at 2-3. However, the focus of the "atypical and significant hardship" is not on plaintiff's
6  subjective perceptions, but rather on an objective assessment of the conditions. See Sandin v.
7  Connor, 515 U.S. 472, 486 (n.8), 115 S.Ct. 2293 (1995); White v. Steuben County, 2011 WL
8  4496504 *10 (N.D. Ind. 2011). The conditions he complains of do not rise to the level
9  articulated in Wilkinson v. Austin, 545 U.S. 209, 213, 125 S. Ct. 2384, 2389 (2005), as set forth
10 in this court's ruling on June 10, 2011. He claims again that his due process rights were violated
11 at a classification hearing. Id., at 3. He suggests with respect to his due process claim regarding
12 a deprivation of his personal property that it was authorized because some of his property was
13 inventoried, but he claimed in his amended complaint that defendants did not properly inventory
14 all of his property and confiscated his personal property as an act in retaliation for plaintiff's
15 reluctance to transpack his property for a transfer, i.e., that the deprivation was unauthorized. Id.,
16 at 4; see Amended Complaint, pp. 23-26.

17         Plaintiff in essentially recapitulating what the court has already considered has
18 failed in his motion to do more than disagree with the court's ruling. U.S. v. Westlands Water
19 Dist., 134 F.Supp.2d at 1131. The motion for reconsideration will be denied.

20         Accordingly, IT IS ORDERED that:

21         1. Plaintiff's motion for reconsideration, filed on July 6, 2011 (docket # 15),
22 construed as a motion pursuant to Rule 60(b), is denied;

23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

2. Plaintiff's inapposite and defective motion for leave to filed a further amended complaint in this closed case, filed on July 19, 2011 (docket # 17), is disregarded.

DATED: February 9, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
poye3221.ord3